UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-309-MOC-WCM

| | |
|---|---|
| JONATHAN BRAYTON, ) | |
| Plaintiff, ) | |
| vs. ) | |
| ALLTRAN FINANCIAL, LP, ) | **ORDER** |
| Defendant. ) | |

**THIS MATTER** comes before the Court on a Motion for Summary Judgment by Defendant Alltran Financial, LP. (Doc. No. 25).

## I. BACKGROUND

### A. Relevant Procedural Background

Plaintiff Jonathan Brayton, a North Carolina resident, filed this action on October 18, 2021, alleging that Defendant Alltran violated the North Carolina Debt Collection Act (NCDCA), N.C. GEN. STAT. ANN. § 75-50, et seq., and the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq., in its attempts to collect a debt owed by Plaintiff to USAA Federal Savings Bank. Defendant is a third-party debt collection agency and licensed as such by North Carolina.

Defendant filed the pending summary judgment motion on February 8, 2023. (Doc. No. 25). On the same day, this Court issued a Roseboro notice. (Doc. No. 26). Plaintiff has not responded in opposition to the summary judgment motion, and the time to do so has passed.[1]

---

[1] Because Plaintiff has failed to respond to the summary judgment motion, he is deemed to have

1

Thus, this matter is ripe for disposition.

B.  **Factual Background**

Viewing the forecast of the evidence in the light most favorable to Plaintiff as the non-moving party, the following constitute the indisputable material facts:

Defendant Alltran is a third-party collection agency licensed as such in North Carolina. On September 18, 2020, USAA Federal Savings Bank placed an account with Defendant for collection representing a $439.34 balance that was due and owing. Defendant maintains account collection notes on accounts placed with Defendant for collection. The account collection notes contain system entries and manual entries made contemporaneously by the collectors working on the account that document all activity on the account. See (Doc. No. 25-3, Declaration of Jacsy Moreno Richardi (Def. Ex. B), ¶ 5 and the Account Notes (Def. Ex. B-1). Defendant sent Plaintiff an initial collection notice on September 23, 2020, to which it received no response. (See id., ¶ 6 and the initial collection notice, Def. Ex. B-2).

In addition to the Account Notes, the Defendant dialer system maintains an electronic record of all calls placed on an account. (Id. ¶ 7). A recording is automatically triggered whenever the system detects a voiced answer to a call, and all incoming calls to Defendant are recorded.[2] (Id.). Every call placed on the account by Defendant was placed from a number owned by Defendant.[3] (See id. ¶¶ 8, 9).

USAA placed the account for collection with an address and telephone number (901)

---

abandoned his claim, and the Court could grant summary judgment to Defendant without further discussion. Nevertheless, the Court will discuss the merits of Plaintiff's claim.

[2] The Call Log is attached to Defendant's summary judgment motion as Defendant's Exhibit B-3.

[3] Certified transcripts of the relevant recordings are attached to Defendant's summary judgment motion as Defendant's Exhibit C. Defendant asserts that only those recording transcripts encompassing calls with third parties in the actionable time period are included.

834-0550.

As noted above, Plaintiff did not respond to the initial notice letter. From September 28, 2020, to October 19, 2020, Defendant placed a total of fourteen calls to the 0550 number but was unable to reach Plaintiff at that number. (Id. ¶ 10).[4] Accordingly, Defendant conducted a skip trace in an attempt to locate Plaintiff. (Id. ¶ 11). Defendant had no success in reaching Plaintiff or obtaining any location information until October 20, 2020, when Plaintiff answered a call from Defendant to the 0550 number. (Id. ¶ 12). On October 21, 2020, at 12:40 p.m., Defendant placed the Account in a "cease collection" status and made no further collection attempts. (Id. ¶ 13).

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Id. at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine

---

[4] As alleged in the Complaint, Plaintiff refused to answer the calls. See (Doc. No. 1 ¶ 13).

issue. Id. Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. Anderson, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248. Further, Rule 56 provides, in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

FED. R. CIV. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, the non-movant must show the existence of a factual dispute on every essential element of his claim.

### III. DISCUSSION

As noted, Plaintiff alleges two claims against Defendant: a claim that Defendant violated the FDCPA (Count I) and a claim that Defendant violated the NCDCA (Count II). For the following reasons, Defendant is entitled to summary judgment as to both claims.

**A. Plaintiff's Claim that Defendant Violated the NCDCA**

In the definition section, the NCDCA provides:

"Debt collector" means any person engaging, directly or indirectly, in debt

4

collection from a consumer **except those persons subject to the provisions of Article 70, Chapter 58 of the General Statutes**.

N.C. GEN. STAT. § 75-50 (emphasis added). The North Carolina Collection Agency Act (NCCAA) applies to "a collection agency as defined in G.S. 58-70-15 which engages, directly or indirectly, in debt collection from a consumer." N.C. Gen. Stat. § 58-70-90(1). In turn, N.C. GEN. STAT. § 58-70-15 defines a collection agency as

> (a) "Collection agency" means a person directly or indirectly engaged in soliciting, from more than one person delinquent claims of any kind owed or due or asserted to be owed or due the solicited person and all persons directly or indirectly engaged in the asserting, enforcing or prosecuting of those claims.
>
> (b) "Collection agency" includes any of the following:
>
> (1) Any person that procures a listing of delinquent debtors from any creditor and that sells the listing or otherwise receives any fee or benefit from collections made on the listing.

N.C. GEN. STAT. § 58-70-15.

Here, because Defendant is a "collection agency" subject to regulation under the NCCAA, Defendant is explicitly excluded from coverage under the NCDCA. See Simmons v. Kross Lieberman & Stone, Inc., 228 N.C. App. 425, 427 (2013) (stating that the NCDCA regulates the debt collection activities of all entities except collection agencies regulated under Chapter 58); Morrison v. Webcollex, No. 3:21cv280, 2021 WL 5504765, at *2 (W.D.N.C. Nov. 1, 2021), report and recommendation adopted, 2021 WL 5500520 (W.D.N.C. Nov. 23, 2021) ("The NCDCA exempts collection agencies covered under the NCCAA."). Plaintiff's NCDCA claim must therefore be dismissed with prejudice.

### B. Plaintiff's Claim that Defendant Violated the FDCPA

Next, Plaintiff alleges Defendant violated the two provisions of the FDCPA: § 1692d(5)

5

("causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number"); and § 1692e(10) ("the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer").

FDCPA claims are subject to a one-year statute of limitations. 15 U.S.C. § 1692k(d) ("An action to enforce liability under this subchapter may be brought … within one year from the date on which the violation occurs."). The statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered. Rotkiske v. Klemm, 140 S. Ct. 355, 358 (2019). Accordingly, material to the pending summary judgment motion are only actions by Defendant on or after October 18, 2020 (one year from the filing of the Complaint) up to October 21, 2020, at 12:40 p.m., when Defendant ceased all collections.

### 1. Violation of Section 1692d(5)

Section 1692d(5) provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5). As an initial matter, the right of action afforded by Section 1692d(5) is to the called party. Even if Defendant had engaged in conduct that violated Section 1692d(5) with respect to some third party, which Defendant has denied, Plaintiff plainly would not have standing or right of action to prosecute a Section 1692d(5) claim on their behalf for alleged

6

violations as to these individuals.

Insofar as Plaintiff's claim on his own behalf for violations of Section 1692d(5), he fails to state a claim for a violation of Section 1692d(5). On the facts, Defendant called the 0550 number once during the actionable period before Plaintiff answered the call on October 20, 2020. Indeed, even if the Court considered all the calls outside of the actionable period, Defendant called the 0550 number a total of 14 times (all unanswered) from September 28, 2020, up until he answered the call on October 20, 2020. See (Moreno Decl. ¶ 14).

In determining liability under Section 1692d(5), courts consider the volume and pattern of calls made to the debtor in determining whether a collector intended to harass the called party. Wallace v. Optimum Outcomes, Inc., No. 5:13cv277, 2015 WL 627944, at *4 (E.D.N.C. Feb. 12, 2015). As Defendant never spoke to Plaintiff until October 20, 2021, and because Plaintiff never requested Defendant to stop calling him, his claim can only be predicated on call frequency and volume. See Rush v. Portfolio Recovery Assocs. LLC, 977 F. Supp. 2d 414, 429 (D.N.J. 2013) (stating that the only conduct at issue was unanswered phone calls placed to the plaintiff's home phone number over a series of months; because plaintiff never spoke to anyone, the court focused on whether defendant violated § 1692d(5) by "causing a telephone to ring"). The 14 calls here (all but one of which were before the actionable period) do not demonstrate an intent to harass. No reasonable jury could find that the intent of Defendant's calls was to harass, oppress, or abuse Plaintiff. Rather, the frequency and volume of calls reflect only the Defendant was attempting to reach Plaintiff to collect a debt. The FDCPA was intended to address "abusive, deceptive, and unfair debt collection practices," not eliminate reasonable and legal debt collection activity. 15 U.S.C. § 1692. That the calls placed here may have inconvenienced or bothered Plaintiff is not material to the analysis. The FDCPA does not shield consumers from the

7

"inconvenience and embarrassment that are natural consequences of debt collection." Woods v. Oxford Law, LLC, No. 2:13cv6467, 2015 WL 778778, at *5 (S.D. W. Va. Feb. 24, 2015).

As Defendant notes, courts have awarded defendants summary judgment where, as in this case, the volume and pattern of calls demonstrates an intent to contact debtors rather than an intent to annoy, abuse, or harass them. See Chavious v. CBE Grp., Inc., No. 10-cv-1293(JS)(ARL), 2012 WL 113509, at *2 (E.D.N.Y. Jan. 13, 2012) (the volume and pattern of calls—thirty-six calls over approximately two months, all made at reasonable times and not one immediately following another—is consistent with cases in which other courts have awarded defendants summary judgment on Section 1692d(5) claims); Lynch v. Nelson Watson & Assocs., No. 10-2025-EFM, 2011 WL 2472588, at *2 (D. Kan. June 21, 2011 (finding that fifty-six calls over approximately three months, without more, was not an FDCPA violation); Carman v. CBE Group, Inc., 782 F. Supp. 2d 1223, 1227 (D. Kan. 2011) (finding that 149 calls over two months, without more, was not a violation); Clingaman v. Certegy Payment Recovery Servs., No. H-10-2483, 2011 WL 2078629, at *4 (S.D. Tex. May 26, 2011) (finding that fifty-five calls between March 4 and June 18 was not a violation where plaintiff never asked defendant to stop calling); Jones v. Rash Curtis & Assocs., No. C 10-00225, 2011 WL 2050195, at **2–3 (N.D. Cal. Jan. 3, 2011) (finding that 179 calls was not a violation where, among other things, plaintiff did not ask defendant to stop calling); Jiminez v. Accounts Receivable Mgmt., Inc., No. 09-9070, 2010 WL 5829206, at *2 (C.D. Cal. Nov. 15, 2010) (finding no Section 1692d(5) violation for 69 unanswered telephone call attempts to plaintiff over a 115-day period); Katz v. Capital One, No. 1:09cv1059, 2010 WL 1039850, at *3 (E.D. Va. Mar. 18, 2010) (finding two calls to plaintiff in a single day insufficient to state a claim absent a pattern of harassment); Boozer v. Enhanced Recovery Co., LLC, No. 17-CV-14190, 2019 WL 5295730, at *10 (E.D. Mich. Oct.

8

18, 2019) (finding that eight to fifteen calls over two months, without more, do not amount conduct the natural consequence of which is to harass, oppress, or abuse a person).

Similar to the cases cited above, this Court finds that the call volume and pattern under the circumstances presented here is legally insufficient to demonstrate a violation of Section 1692d(5). See Kuntz v. Rodenburg LLP, 838 F.3d 923, 926 (8th Cir. 2016) (a Section 1692d(5) claim may be resolved as a matter of law when the summary judgment record establishes that no reasonable jury could find the requisite level of harassment). This is so, regardless of whether the Court considers just the call within the actionable period, or the entirety of the 14 calls placed before Plaintiff answering. Accordingly, the Court will dismiss Plaintiff's Section 1692d(5) claim with prejudice.

**2. Violation of Section 1692e(10)**

Section 1692e(10) prohibits the use of "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Furthermore, the false or misleading representation must be material, meaning it must "frustrate a consumer's ability to intelligently choose his or her response" to receiving a communication seeking collection of a debt. Powell v. Palisades Acquisition XVI, LLC, 782 F.3d 119, 126 (4th Cir. 2014). The Court is "not concerned with mere technical falsehoods that mislead no one." Id. See also Lembach v. Bierman, 528 F. App'x 297, 303 (4th Cir. 2013) (unpublished) (agreeing with the Sixth, Seventh, and Ninth Circuits that materiality is a required element of a Section 1692e(10) claim); Richardson v. Shapiro & Brown, LLP, 751 F. App'x 346, 350 (4th Cir. 2018) (unpublished).

Plaintiff's claim under Section 1692e(10) is predicated on the theory that it was false or misleading for Defendant to use outbound phone numbers that match the local area code of the

9

phone numbers called, despite that the calls purportedly originated from Defendant's call center in Texas. Courts have overwhelmingly held, however, that using a local number is not materially misleading information or prohibited conduct under the FDCPA. Brown v. MRS BPO, LLC, No. 1:20cv06762, 2022 WL 4119789, at *12 (N.D. Ill. Sept. 9, 2022) (collecting cases) (finding summary judgment in favor of the defendant and noting "[n]umerous courts have held that the use of local area codes to call debtors does not violate the FDCPA"); Cunningham v. Radius Glob. Sols. LLC, 4:20cv294, 2020 WL 5518073, at *6 (E.D. Tex. Sept. 14, 2020) (noting that courts interpreting the FDCPA have found that using local caller ID numbers is not false, deceptive, or misleading in violation of the FDCPA); Bermudez v. Diversified Consultants Inc., No. 18-2004, 2019 WL 415569 (E.D. Pa. Feb. 1, 2019) (finding no violation where the defendant debt collector located in Florida placed calls to the plaintiff's daughter using phone numbers that appeared on the daughter's caller ID with a 215 Pennsylvania area code); Scheffler v. Integrity Fin. Partners, Inc., No. 12-188, 2013 WL 9768539 (D. Minn. Oct. 28, 2013) (granting summary judgment to defendant, where there was no dispute that the local phone number displayed on the plaintiff's caller ID actually belonged to the defendant, and where the defendant did not display the name of a fictitious person or pretend to be a family member calling).

As other courts have held, the use of a local phone number is not a material misrepresentation because it has no impact whatsoever on a consumer's ability to intelligently choose how to deal with a debt. Even if the use of local phone numbers frustrated a consumer's decision to pick up a call, which the courts have rejected, that would not be enough to render it a material misstatement. The frustration must be important to the debtor's decision to pay, dispute, request validation, or take some substantive action regarding the debt. See Powell, 782 F.3d at 127. Here, a consumer would realize that they are talking to a debt collector once the consumer

10

begins talking to the collection agency representative. Before talking to a collection representative, such consumer had no ability to take any action or make any decision regarding the debt for which he or she is being called. Because the decision-making process could not begin until a consumer actually answers the phone, the use of a local number cannot be a material misrepresentation—if it is a misrepresentation at all. Thus, Plaintiff cannot state a FDCPA claim predicated on Defendant's use of local area codes, regardless of whether the calls were to him or to third parties.

In sum, Defendant has shown that there are no genuine issues of material fact as to Plaintiff's claims under the FDCPA or the NCDCA. The Court will, therefore, grant summary judgment to Defendant.

### IV. CONCLUSION

For the reasons stated herein, Defendant is entitled to summary judgment on Plaintiff's claims.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion for Summary Judgment, (Doc. No. 25), is **GRANTED**.
2. This action is dismissed with prejudice.
3. The Clerk is directed to terminate this action.

Signed: April 26, 2023

Max O. Cogburn Jr
United States District Judge